UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMMAD ODEH, | ) | |
| | ) | |
| Plaintiff, | ) | No.   18-CV-8170 |
| | ) | |
| vs. | ) | Judge Kennelly |
| | ) | Magistrate Judge Weisman |
| COOK COUNTY, | ) | |
| Cook County Sheriff THOMAS DART, | ) | |
| Cook County Sheriff's Office Employees | ) | Jury Demand |
| LT. BEATRICE SMITH, REGINA BOWERS, | ) | |
| KIMBERLY GARCIA, KAREN WATT, | ) | |
| LE'NELL WATSON, KENYATTA KING, | ) | |
| JACQUELINE GUYTON, CHANNEL FULLER, | ) | |
| EUWANDA PARHAM, LINDA LANDERS, | ) | |
| TANETTA PRYOR-RAMSEY, ROBIN SMITH | ) | |
| and TAMEKA SMITH, | ) | |
| Defendants. | ) | |

## **FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that all Defendants reside in this judicial district, and the events giving rise to the claims arose in this district as alleged below.

## Parties

4. Plaintiff Mohammad Odeh is a resident of Summit, Illinois. At all times relevant to this suit, he was a pre-trail detainee at the Cook County Department of Corrections in Chicago, Illinois.

5. Defendant Cook County is a body politic and corporate, situated in the Northern District of Illinois. At all relevant times, the Cook County Department of Corrections

("CCDOC") and the Cook County Sheriff's Office, as supervised by Cook County Sheriff Thomas Dart, were departments of Cook County.

6. Defendant Thomas Dart is the Sheriff of Cook County. This matter is brought against Defendant Dart in his individual and official capacity as the final policymaker responsible for all policies and practices of the CCDOC.

7. Defendant Lt. Beatrice Smith is a duly appointed and sworn CCDOC correctional officer assigned as a supervisor in the Inmate Records Department at CCDOC. At all times relevant to this suit, Defendant Lt. Smith was acting in the course and scope of her employment, and under color of state law, ordinance and/or regulation.

8. Defendants Regina Bowers, Kimberly Garcia, Tanetta Pryor-Ramsey, Karen Watt, Le'Nell Watson, Kenyatta King, Jacqueline Guyton, Euwanda Parham, Channel Fuller, and Linda Landers are employees of the Cook County Sheriff's Office. At all times relevant to this suit, they were acting in the course and scope of their employment as quality assurance auditors assigned to the Inmate Records Department.

9. Defendants Tameka Smith and Robin Smith are employees of the Cook County Sheriff's Office. At all times relevant to this suit, they were acting in the course and scope of their employment as administrative assistants assigned to the Inmate Records Department.

10. At the time of the occurrence, Defendant Dart was the employer of all Defendants identified in Paragraphs 9, 10 and 11 of this Complaint.

11. Defendant Cook County is the indemnifying entity for actions taken by Defendant Dart and his employees.

**Facts**

12. On or about November 20, 2016, Plaintiff was brought into CCDOC custody in error for a warrant that had already been executed.

13. On November 22, 2016, Judge Kerry M. Kennedy ordered Plaintiff released from CCDOC on a bond that Plaintiff had previously posted in Case No. 16 CR 15185, a felony matter then pending in the Bridgeview Courthouse of the Circuit Court of Cook County.

14. Despite the court's order to release Plaintiff from CCDOC to home confinement, Plaintiff was not released by CCDOC and he remained in custody.

15. Plaintiff's many pleas to CCDOC staff to check his court mittimus paperwork were ignored.

16. The Defendants assigned to Inmate Records Department ignored the court order requiring Plaintiff's release from CCDOC and did not accurately maintain records of his release date.

17. None of the Defendants provided any kind of due process to Plaintiff so that he could challenge his incarceration in CCDOC that continued after the court ordered him released to home confinement.

18. On December 14, 2016, one of Plaintiff's criminal defense attorneys called the Inmate Records Department and spoke with an employee to explain that Plaintiff was supposed to be released from CCDOC on November 22, 2016.

19. The employee apologized and stated that Plaintiff would be released that night.

20. Plaintiff was released on the morning of December 15, 2016.

21. By that date, Plaintiff had spent an additional 23 days in custody at CCDOC after the court had ordered his release to home confinement.

## COUNT I
### (42 U.S.C. § 1983 Monell Claim against Defendant Dart)

22. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21 as though fully set forth herein.

23. Defendant Dart maintains policies or practices of holding in custody individuals such as Plaintiff after their release dates and failing to keep accurate records of when inmates should be released, with deliberate indifference to their constitutional rights, constituting violations of 42 U.S.C. §1983.

24. The aforementioned policies or practices deprived Plaintiff of liberty without due process, in violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

25. The aforementioned policies or practices deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws, in violation of 42 U.S.C. §1983.

26. The aforementioned policies or practices were carried out under color of custom or usage of State law and Plaintiffs' constitutional rights were violated under the color of State law.

27. Defendants have been sued on at least three prior occasions for the unconstitutional policy or practice of detaining individuals beyond their release date in *United States v. Dart et al*, 1:10-cv-02946 (N.D. Ill.), *Brown v. Dart*, 1:15-cv-11835 (N.D. Ill.) and *Otero v. Dart et al*, 1:12-cv-03148 (N.D. Ill.), a class action settled in 2017.

28. The actions of Defendants Lt. Smith, Bowers, Garcia, Pryor-Ramsey, Watt, Watson, King, Guyton, Parham, Fuller, Landers, T. Smith and R. Smith as alleged in this Complaint were done pursuant to, and as a result of the above de facto policies and practices.

29. Defendant Dart has final policy-making authority and is responsible for the above-described policies and practices.

30. Defendant Dart acted with deliberate indifference to the rights of Plaintiff in maintaining, overlooking and preserving the unconstitutional policies and practices delineated above.

31. By his inaction and failure to correct the above-described policies and practices, Defendant Dart tacitly approved and thus indirectly authorized the type of misconduct Plaintiff complains of herein.

32. As a direct and proximate cause of Defendants' policy or practice of detaining individuals in custody for unreasonable amounts of time and failing to keep accurate records of when inmates are to be released, Plaintiff has experienced loss of liberty, emotional distress and other damages.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant Dart;

b) Award Plaintiff compensatory and punitive damages;

c) Award attorney's fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983-Fourth Amendment False Imprisonment Claim)

33. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21 as though fully set forth herein.

34. Plaintiff, a pre-trial detainee, had a right under the Fourth Amendment to not be imprisoned in CCDOC after his release was ordered by the court.

35. Plaintiff was held in CCDOC custody beyond his release date without any legal justification.

36. The Defendants employed by the Sheriff's Office violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from false imprisonment.

37. The aforementioned acts deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws, in violation of 42 U.S.C. §1983.

38. As a direct and proximate cause of Defendants' acts, Plaintiff experienced loss of liberty, emotional distress and other damages.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants Dart, Lt. Smith, Bowers, Garcia, Pryor-Ramsey, Watt, Watson, King, Guyton, Parham, Fuller, Landers, T. Smith and R. Smith;

b) Award Plaintiff compensatory and punitive damages;

c) Award attorney's fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C.§ 1983 Procedural Due Process Claim)

39. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

40. Plaintiff was pretrial detainee who had a protected liberty interest in remaining on home confinement over incarceration.

41. Plaintiff suffered a deprivation of this protected liberty interest when he was held

5

in CCDOC for 23 days before being released to home confinement.

42. Sheriff Dart and the other Defendants failed to provide any procedural protection to Plaintiff to address this deprivation, and Plaintiff was denied the opportunity to challenge the reduction of freedom which continued until his release from CCDOC custody.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants Dart, Lt. Smith, Bowers, Garcia, Pryor-Ramsey, Watt, Watson, King, Guyton, Parham, Fuller, Landers, T. Smith and R. Smith;

b) Award Plaintiff compensatory and punitive damages,

c) Award attorney's fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

43. The acts of the Defendants, all of whom are employees of Cook County, were willful and wanton, and in the scope of employment.

44. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant Cook County is liable for any judgments in this case arising from the Defendants' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant Cook County to indemnify the Defendants for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Daniel P. Kiss
*Counsel for the Plaintiff*

Daniel P. Kiss
Meyer & Kiss, LLC
53 West Jackson Boulevard, Suite 1735
Chicago, Illinois 60604
(312)765-0100
dankiss@meyerkiss.com